IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
In re: : Chapter 11
:
JACKSON HEWITT TAX SERVICE : Case No. 11-11587 (MFW)
INC., et al., :
:
      Debtors.[1] : Joint Administration Pending
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 521, FED. R. BANKR. P. 1007(c) AND DEL. BANKR. L.R. 1007-1(b) (I) EXTENDING TIME FOR DEBTORS TO FILE THEIR SCHEDULES AND STATEMENTS AND (II) PERMANENTLY WAIVING REQUIREMENT TO FILE SAME UPON CONFIRMATION OF DEBTORS' PREPACKAGED PLAN**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") this Court for entry of an order, under sections 105 and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) extending the time by which the Debtors must file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") to thirty (30) days after the current deadline imposed by Local Rule 1007-1(b), which is June 23, 2011, and (ii) permanently waiving the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Jackson Hewitt Tax Service Inc. (9692), Jackson Hewitt Inc. (9705), Jackson Hewitt Technology Services LLC (2409), Tax Services of America, Inc. (7427), Jackson Hewitt Corporate Services Inc. (2415), and Hewfant Inc. (0545). The address for each of the Debtors, with the exception of Jackson Hewitt Technology Services LLC, is 3 Sylvan Way, Parsippany, NJ 07054. The address for Jackson Hewitt Technology Services LLC is 501 N. Cattlemen Rd., Sarasota, FL 34232.

requirement to file the same upon confirmation of the contemporaneously filed prepackaged plan of reorganization (the "Plan") within the extension period. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Daniel P. O'Brien, Chief Financial Officer of Jackson Hewitt Tax Service Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "O'Brien Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 521, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).

## BACKGROUND

3.      On the date hereof ("Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the O'Brien Declaration. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

**RELIEF REQUESTED**

4. By this Motion, the Debtors seek entry of an order (i) extending the time by which the Debtors must file their Schedules and Statements to thirty (30) days after the current deadline imposed by Local Rule 1007-1(b), which is June 23, 2011, as extended, to July 25, 2011 (the "Filing Deadline") and (ii) permanently waiving the requirement to file the Schedules and Statements if the Plan is confirmed during the extension period, without prejudice to the Debtors' ability to request additional time should it become necessary.

**BASIS FOR RELIEF**

**A.    Cause Exists to Extend Time to File Schedules and Statements**

5. Under Bankruptcy Code section 521 and Bankruptcy Rule 1007(b), the Debtors are required to file their Schedules and Statements. See Fed. R. Bankr. P. 1007(b). Bankruptcy Rule 1007(c) provides that debtors must file the Schedules and Statements within 14 days after the Petition Date. See 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c).

6. Local Rule 1007-1(b) automatically extends this deadline for filing the Schedules and Statements to the date that is thirty (30) days after the petition date, not including the petition date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and (ii) if the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200. See Del. Bankr. L.R. 1007-1(b); Fed. R. Bankr. P. 9006(a).

7.     Here, the Debtors' chapter 11 petitions are accompanied by a consolidated list of the Debtors' creditors, and their addresses, in accordance with Local Rule 1007-2, which includes more than 200 creditors.  Accordingly, by operation of Local Rule 1007-1(b), the deadline for the Debtors to file their Schedules and Statements is automatically extended to June 23, 2011, which is 30 days from the Petition Date.

8.     This Court has authority to grant the Debtors' requested extension under Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).  Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ."  Fed. R. Bankr. P. 1007(c).  Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon the filing of a motion by the debtor . . . ."  Del. Bankr. L.R. 1007-1(b).

9.     The Debtors seek an extension of the deadline to file their Schedules and Statements imposed by Local Rule 1007-1(b).  Under the terms of the Plan, all holders of general unsecured claims will receive no recovery.  Consequently, the Debtors do not plan to establish a bar date in these chapter 11 cases.  Moreover, the Debtors solicited acceptances on the Plan prior to the Petition Date, and concurrently with the filing of this Motion, the Debtors filed a motion to schedule a combined confirmation hearing and disclosure statement on a date as soon as practicable.[2]

---

[2] See Debtors' Motion Under 11 U.S.C. §§ 102, 105, 341, 1125, 1126 and 1128 and Fed. R. Bankr. P. 2002, 3017, 3018 and 3020, and Del. Bankr. L. R. 3017-1 (I) For Order (A) Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Plan, (B) Approving Form and Manner of Notice of Combined Hearing and Commencement of the Chapter 11 Cases, (C) Establishing Procedures for Objecting to Disclosure Statement and Plan, and (D) Waiving Requirement for Meeting of Creditors, and (II) For Order (A) Approving Prepetition Solicitation Procedures, (B) Approving Adequacy of Disclosure Statement and (C) Confirming Plan of Reorganization.

Accordingly, the Schedules and Statements will not serve the purpose they serve in traditional chapter 11 cases.

10. Because the Debtors intend to have the Plan confirmed as quickly as possible, and as described below, the Debtors are seeking a waiver of the requirement to file the Schedules and Statements if the Plan is confirmed within the requested extension period, the Debtors submit that the request for an extension of the requirement to file the Schedules and Statements is appropriate to avoid spending time and resources preparing the Schedules and Statements if the Debtors can satisfy the conditions necessary to obtain a waiver of this requirement.

11. Lastly, given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors may be unable to complete their Schedules and Statements by the current deadline imposed by the Bankruptcy and Local Rules.

12. Accordingly, the Debtors submit that "cause" exists to extend the current deadline imposed by Local Rule 1007-1(b) for an additional thirty (30) days, until the Filing Deadline.

**B.    Waiver of Requirement to File Schedules and Statements**

13. The request for a final waiver of the requirement to file the Schedules and Statements is appropriate in a prepackaged case. In general, a debtor is required to file the Schedules and Statements in order to permit parties in interest to understand and assess the debtor's assets and liabilities and thereafter negotiate and confirm a plan of reorganization. In these chapter 11 cases, the Debtors have already

5

negotiated a plan of reorganization and solicited votes from those parties entitled to vote on the Plan. Accordingly, a primary justification for requiring the Debtors to file the Schedules and Statements does not exist here.

14. In addition, certain of the information that would be contained in the Schedules and Statements is already available in the disclosure statement related to the Plan. To require the Debtors to file the Schedules and Statements would be duplicative and unnecessarily burdensome to the Debtors' estates.

15. This Court has authority under Bankruptcy Code sections 105(a) and 521 to grant the Debtors' requested waiver of the requirement to file their Schedules and Statements. See 11 U.S.C. § 521(a) (the debtor shall file "(B) *unless the court orders otherwise* - (i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . .") (emphasis added). Additionally, Bankruptcy Code section 105(a) gives this Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). For the reasons set forth above, the Debtors respectfully submit that a waiver of the requirement to file the Schedules and Statements is justified in light of the particular posture of these cases and the absence of prejudice to any party in interest.

16. In several recent "prepackaged" and "prenegotiated" chapter 11 cases, Bankruptcy Courts have granted extensions and waivers such as those the Debtors seek by this Motion. See, e.g., In re Vertis Holdings, Inc., et al., Case No. 10-16170 (ALG) (Bankr. S.D.N.Y. Nov. 19, 2010) (granting extension of the obligation to file schedules and statements until the third business day after the first date set for the

confirmation hearing of Debtors' plan of reorganization and waiving the requirement to file same upon confirmation of a plan within this period); <u>In re Metro-Goldwyn-Mayer Studios, Inc., et al.</u>, Case No. 10-15774 (SMB) (Bankr. S.D.N.Y. Nov. 8, 2010) (granting 60-day extension and waiver); <u>Mrs. Fields' Original Cookies, Inc., et al.</u>, Case No. 08-11953 (PJW) (Bankr. D. Del. Aug. 26, 2008) (granting 30-day extension and waiver); <u>In re ACG Holdings, Inc., et al.</u>, Case. No. Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 11, 2008) (granting 45-day extension and waiver); <u>In re Aurora Foods Inc., et al.</u>, Case No. 03-13744 (MFW) (Bankr. D. Del. Jan. 9, 2004) (granting 120 day extension and waiver).

17. Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

**NOTICE**

18. Notice of this Motion shall be given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the agent for the Debtors' prepetition lenders; (iii) the Debtors' top thirty (30) largest unsecured creditors on a consolidated basis; and (iv) all parties entitled to notice pursuant to Local Rule 9013-1(m).

**NO PRIOR REQUEST**

19. No previous request for the relief sought herein has been made to this Court or any other court.

7

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       May 24, 2011

       */s/ Mark S. Chehi*
       Mark S. Chehi (I.D. No. 2855)
       SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM, LLP
       One Rodney Square
       P.O. Box 636
       Wilmington, Delaware 19899-0636
       (302) 651-3000
       (302) 651-3001

       - and –

       Mark A. McDermott
       J. Gregory Milmoe
       SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM, LLP
       Four Times Square
       New York, New York 10036-6522
       (212) 735-3000
       (212) 735-2000

       Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
JACKSON HEWITT TAX SERVICE                              :   Case No. 11-11587 (MFW)
INC., et al.,                                           :
                                                        :   Jointly Administered
                    Debtors.[1]                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x   **Related Doc. No. [___]**

### ORDER GRANTING MOTION OF THE DEBTORS FOR ORDER UNDER 11 U.S.C. §§ 105 AND 521, FED. R. BANKR. P. 1007(c) AND DEL. BANKR. L.R. 1007-1(b) (I) EXTENDING TIME FOR DEBTORS TO FILE THEIR SCHEDULES AND STATEMENTS AND (II) PERMANENTLY WAIVING REQUIREMENT TO FILE SAME UPON CONFIRMATION OF DEBTORS' PREPACKAGED PLAN

Upon the motion (the "Motion")[2] of the Debtors for an order, under Bankruptcy Code sections 105 and 521, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), (i) extending the time by which the Debtors must file their Schedules and Statements and (ii) permanently waiving the requirement to file the same upon confirmation of the Plan within the extension period; and upon consideration of the O'Brien Declaration; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Jackson Hewitt Tax Service Inc. (9692), Jackson Hewitt Inc. (9705), Jackson Hewitt Technology Services LLC (2409), Tax Services of America, Inc. (7427), Jackson Hewitt Corporate Services Inc. (2415), and Hewfant Inc. (0545). The address for each of the Debtors, with the exception of Jackson Hewitt Technology Services LLC, is 3 Sylvan Way, Parsippany, NJ 07054. The address for Jackson Hewitt Technology Services LLC is 501 N. Cattlemen Rd., Sarasota, FL 34232.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended for thirty (30) days from the current deadline imposed by Local Rule 1007-1(b), through and including July 25, 2011.

3. If the Debtors' Plan is confirmed before July 25, 2011, the requirement to file the Schedules and Statements is hereby waived on a final basis.

4. Entry of this Order shall be without prejudice to the Debtors' right to seek further extensions of time within which to file their Schedules and Statements or to seek other relief from the Court regarding the filing of the Schedules and Statements or waiver of the requirement to file the Schedules and Statements.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       [_____], 2011

_____
UNITED STATES BANKRUPTCY JUDGE