**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JACKSON HEWITT TAX SERVICE INC., | ) | Case No. 11-11587 (MFW) |
| *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: July 25, 2011 at 11:30 a.m.** |
| | ) | **Objection Deadline: July 18, 2011 at 4:00 p.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ENTRY OF AN ORDER APPROVING THE EMPLOYMENT AND RETENTION OF
BDO CONSULTING AS FINANCIAL ADVISORS
*NUNC PRO TUNC* TO JUNE 20, 2011**

The Official Committee of Unsecured Creditors (the "Committee") of Jackson Hewitt Tax Service, Inc. and its related debtor entities (collectively, the "Debtors"), by and through its undersigned proposed counsel, respectfully submits this application (the "Application") for entry of an order approving the employment and retention of BDO Consulting ("BDO") as its financial advisors pursuant to 11 U.S.C. §§ 328(a) and 1103(b), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee relies on the Affidavit of David E. Berliner (the "Berliner Affidavit") attached hereto as **Exhibit "A."** In further support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

1.     On May 24, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2.     On May 25, 2011, the Court entered an order granting the Debtors' motion for joint administration.

3.     On June 16, 2011, the Office of the United States Trustee formed the Committee.

4.     The Debtors continue in possession of their properties and the management of their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code (the "Code").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S. C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S. C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), and Bankruptcy Rule 2014.

## RELIEF REQUESTED

6.     By this Application, the Committee seeks to retain and employ BDO as its financial advisors pursuant to Bankruptcy Code sections 328(a) and 1103(a), effective as of March 11, 2010.

## RETENTION AND COMPENSATION OF BDO

7.     The Committee desires to retain and employ BDO as its financial advisors in this matter so that it may perform the following services:

2

a.    Analyze the financial operations of the Debtors pre- and postpetition, as necessary;

b.    Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, postpetition financing, sale of all or a portion of the Debtors' assets, retention of management, and/or employee incentive and severance plans;

c.    Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

d.    Assist the Committee in its review of monthly statements of operations submitted by the Debtors;

e.    Perform claims analysis for the Committee;

f.    Assist the Committee in its evaluation of cash flow and/or other projections prepared by the Debtors;

g.    Scrutinize cash disbursements on an ongoing basis for the period subsequent to the commencement of these cases;

h.    Perform forensic investigating services, as requested by the Committee and counsel, regarding prepetition activities of the Debtors in order to identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

i.    Analyze transactions with insiders, related and/or affiliated companies;

j.    Analyze transactions with the Debtors' financing institutions;

k.    Attend meetings of creditors and conference with representatives of the creditor groups and their counsel;

l.    Attend any auctions of the Debtors' assets;

3

m.   Assist the Committee in its review of the financial aspects of a plan of reorganization or liquidation submitted by the Debtors and perform any related analyses, specifically including liquidation analyses and feasibility analyses, and evaluate best exit strategy;

n.   Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

o.   Perform other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

8.   The Committee has selected BDO because of the firm's considerable and diverse experience, knowledge, recognized expertise, and reputation in bankruptcy and insolvency, and in other areas applicable to these chapter 11 cases.  The services to be rendered by BDO are necessary and essential to the performance of the Committee's duties and obligations, and will not duplicate the services to be rendered by any other professionals in this case.

9.   The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by BDO in this case be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code.  BDO intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and any of this Court's applicable orders.  BDO will charge on an hourly basis for its services in accordance with its ordinary and customary hourly rates as in effect on the date such services are rendered, and for its out-of-pocket disbursements incurred in connection therewith, as set forth more fully in the Berliner Affidavit.  The Committee submits BDO's rates are reasonable and

4

should be approved by the Court subject to a determination of the amounts to be paid to BDO upon application for allowance.

10. The Committee requests approval of the employment of BDO *nunc pro tunc* to June 20, 2011. Such relief is warranted by the extraordinary circumstances presented by this case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed*, 909 F.2d 1406 (3d Cir. 1990). The complexity, intense activity and speed that have characterized these cases have necessitated that the Committee and their financial advisory focus their immediate postpetition attention on time-sensitive matters.

## DISINTERESTEDNESS

11. Section 327(a) of the Bankruptcy Code provides for the appointment of a professional where that person does not possess any interest materially adverse to a debtor with regard to the matters that will be handled by such person and where the professional is a disinterested person.

12. BDO has advised the Committee, as evidenced by the Berliner Affidavit, that BDO does not hold or represent any interest adverse to the Debtors, their estates or creditors, and, as such, is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code.

13. The Committee has been advised that no partner or professional of BDO is related or connectied to any employee of the Office of the United States Trustee for the District of Delaware or the Office of the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware. Also, no partner or professional of BDO is related or connected with any of the Bankruptcy Judges serving in the United States Bankruptcy Court for the District of Delaware. To the extent that BDO

DM3\1831243.2

discover any additional facts bearing on the matters described herein during the period of BDO's retention, BDO will supplement the information provided in the Berliner Affidavit.

## NO PRIOR REQUEST

14. No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

## NOTICE

15. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) those parties that have requested notice pursuant to Bankruptcy Rule 2002. Based on the foregoing, and in light of the nature of the relief requested, the Committee respectfully submits that no further notice is required or needed under the circumstances.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

DM3\1831243.2

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order, substantially in the form annexed hereto as **Exhibit "B,"** approving the Committee's retention of BDO, effective as of June 20, 2011, as its financial advisors in these cases and granting such other relief as the Court deems just and appropriate.

Dated: July 8, 2011

<div style="margin-left:40%">

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF JACKSON HEWITT TAX SERVICE INC., et al.**

Christian and Elizabeth Harper
Chairperson
By:  Its Attorney and Representative on the
       Committee
           */s/ Eric Snyder*
By:_____
           Eric Snyder, Esq.

</div>

DM3\1831243.2